# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN PARNELL, a candidate for Pennsylvania's 17th Congressional District and on behalf of all citizen electors of Allegheny County, Pennsylvania; and LUKE NEGRON, a candidate for Pennsylvania's 18th Congressional District and on behalf of all citizen electors of Allegheny County, Pennsylvania,<br><br>            Plaintiffs,<br><br>  v.<br><br>ALLEGHENY COUNTY BOARD OF ELECTIONS; RICH FITZGERALD, in his official capacity as County Executive of Allegheny County and as a member of the Allegheny County Board of Elections; SAMUEL DeMARCO III, in his official capacity as a member of the Allegheny County Board of Elections; and BETHANY HALLAM, in her official capacity as a member of the Allegheny County Board of Elections,<br><br>            Defendants. | CIVIL ACTION<br><br>Case No.: 2:20-cv-1570<br><br>**PROPOSED ORDER** |

## PROPOSED ORDER

Plaintiffs, Sean Parnell and Luke Negron, moved for a temporary restraining order to enjoin defendants from denying poll watchers at their Satellite Offices. After a hearing on the matter, based upon all submissions of counsel and oral argument, the Court GRANTS the temporary restraining order.

## DISCUSSION

Plaintiffs will face irreparable harm if a Temporary Restraining Order is not issued as multiple individuals have already attempted to obtain poll watcher certificates on October 14 and 15, 2020 and were denied access to such certificates. This will leave the Satellite Offices in Allegheny County with no poll watchers to verify the security of the votes cast at those locations.

There is a substantial probability that the Plaintiffs will succeed in their challenge that the Board of Elections actions are a direct violation of Article I, Section 4 of the United States Constitution which provides that "The Times, Places and Manner of holding Election for Senators and Representatives, shall be prescribed in each State *by the Legislature thereof. . .*" Art. I, Sec. 4 United States Const (emphasis added) as well as a violation of the Equal Protection Clause of the 14th Amendment to the United State Constitution.

Further, the harm to the Defendants will be minimal if Plaintiff's requested relief is granted because both Plaintiffs and Defendants have a direct interest in maintaining election security and integrity. Allowing poll watchers access to be present at the Satellite Offices is warranted to ensure the integrity of election.

Therefore, it is hereby ordered that:

1. The temporary restraining order is immediately granted, and the Allegheny County Board of Elections is hereby enjoined from denying poll watchers access to their satellite voting locations.

Dated: _____, 2020.

_____
United States District Court Judge