IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN PARNELL, *et al*, | Civil Action No. 2:20-1570 |
| Plaintiffs, | |
| vs. | |
| ALLEGHENY COUNTY BOARD OF ELECTIONS, *et al*, | **Judge J. Nicholas Ranjan** |
| Defendants. | |

### DEFENDANTS' STATUS REPORT AND PROPOSED ORDER OF COURT

The parties to this case met and conferred at 1:00 p.m. on Wednesday, October 21, 2020, via teleconference on the three (3) topics addressed in the Court's Order of October 20, 2020, entered at docket No. 11.

### STATUS REPORT

1. **TREATMENT OF INCORRECT ABSENTEE AND MAIL-IN BALLOTS**

During the meet and confer teleconference, counsel of Defendants explained in thorough detail, the process by which the incorrect ballot issue is being addressed. That process is summarized in the Proposed Order of Court below which contemplates retaining the *status quo* with regard to incorrect ballot receipt, sorting and storage. Plaintiffs indicated that it is their position that no received ballots, whether returned by mail or at one of Defendants' satellite offices, should be scanned, sorted or otherwise touched prior to the commencement of the pre-canvass, i.e. 7 a.m. on November 3, other than for the purpose of placing them in the locked ballot room. This proposal would not preserve the *status quo* and would result in the delay of pre-canvass and canvass that would extend for multiple days and possibly over a week, thus creating uncertainty and concern over the results of all races on the ballot. To date, Defendants

have already received, scanned and sorted approximately 225,000 mail-in and absentee ballots and have mailed a total or approximately 380,000 ballots.

In addition, the scanning of documents into the state's SURE system is required to both notify voters that their ballots have been received and to insure any incorrect ballots that have been superseded by a corrected ballot are not included in the pre-canvass or canvass.

2. **INSPECTION OF FACILITY**

It is Defendants' position that the procedures outlined in the Proposed Order of Court below adequately address any security concerns that Plaintiffs may have.  Plaintiffs indicate that the only area of the Elections Division Warehouse that they wished to view was the secure ballot room.  In addition to the process outlined below, Defendants have offered to provide photographs from multiple angles to adequately depict that space.  Plaintiffs have indicated that photographs would not be sufficient.

Furthermore, Defendants have an obligation to conduct a process that is fair to all candidates on the November 3 ballot.  All candidates on the ballot below President and the state-wide row offices (Attorney General, Treasurer, Auditor General) are potentially affected by the issues raised in Count I of Plaintiffs' Complaint.  In fact, to the extent any such effects exist, Plaintiffs' opponents are perhaps precisely as affected.

Any tour or inspection of the facility would require the cessation of ballot scanning and sorting so that all ballots could be secured during such a tour or inspection.  Arranging facility tours or inspections for all candidates less than two weeks before the election, and ceasing the scanning and sorting activities during such times would delay the necessary work required to timely pre-canvass and canvass all ballots, and create and unreasonable hardship on Defendants.

3. **OBSERVATION BY NON-PARTY INDIVIDUALS AT SATELLITE OFFICES**

Defendants stated that they have no objection to requested observation, subject only to the conditions to which members of the public have been subject over the past two weekends when the satellite offices have been operating; specifically, wearing a mask, not interfering with any other members of the public, and remaining outside the areas where individuals' applications are being processed through the SURE system and where individuals may be completing ballots.

The satellite offices are public offices and have been treated as such at all times. Not one individual has been denied entry and no self-styled "observer" has been removed for any reason. There is no reason to believe that the requested observers would be any different.

Plaintiffs requested that the named observers receive a private tour of a satellite office prior to this weekend, but indicated that the granting of such a tour would have no effect on the claims pending before the Court; i.e. they would still insist on the issuance of poll-watcher certificates even if granted such a tour in advance.

Respectfully submitted,

/s/ Andrew F. Szefi
Andrew F. Szefi
County Solicitor
Pa I.D. #83747

/s/ George Janocsko
George Janocsko
Pa I.D. #26408

/s/ Virginia Spencer Scott
Virginia Spencer Scott
Pa. I.D. #61647

/s/ Frances M. Liebenguth
Frances M. Liebenguth
Pa. I.D. #314845

ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1173
vscott@alleghenycounty.us
aszefi@alleghenycounty.us
gjanocsko@alleghenycounty.us
fliebenguth@alleghenycounty.us