# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN PARNELL, a candidate for Pennsylvania's 17th Congressional District and on behalf of all citizen electors of Allegheny County, Pennsylvania; and LUKE NEGRON, a candidate for Pennsylvania's 18th Congressional District and on behalf of all citizen electors of Allegheny County, Pennsylvania,<br><br>    Plaintiffs,<br><br> v.<br><br>ALLEGHENY COUNTY BOARD OF ELECTIONS, et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>Case No.: 2:20-cv-1570<br><br>The Hon. J. Nicholas Ranjan<br>United States District Judge |

*Plaintiffs' First Supplemental Brief in Support of Motion for Temporary Restraining Order Filed Pursuant to ECF 17*

                Thomas W. King, III
                PA I.D. 21580

                Thomas E. Breth
                PA I.D. 66350

                Jordan P. Shuber
                PA I.D. 317823

                **DILLON, MCCANDLESS, KING,**
                **COULTER & GRAHAM, L.L.P.**

                *Special Counsel for the Amistad Project of the Thomas More Society*

                *Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SEAN PARNELL, a candidate for Pennsylvania's 17th Congressional District and on behalf of all citizen electors of Allegheny County, Pennsylvania; and LUKE NEGRON, a candidate for Pennsylvania's 18th Congressional District and on behalf of all citizen electors of Allegheny County, Pennsylvania, <br><br>          Plaintiffs, <br><br>  v. <br><br> ALLEGHENY COUNTY BOARD OF ELECTIONS; RICH FITZGERALD, in his official capacity as County Executive of Allegheny County and as a member of the Allegheny County Board of Elections; SAMUEL DeMARCO III, in his official capacity as a member of the Allegheny County Board of Elections; and BETHANY HALLAM, in her official capacity as a member of the Allegheny County Board of Elections, <br><br>          Defendants. | CIVIL ACTION <br><br> Case No.: 2:20-cv-1570 <br><br> The Hon. J. Nicholas Ranjan <br> United States District Judge |

## I.    PROCEDURAL HISTORY

On October 22, the Court entered an Order directing the parties to brief Plaintiffs' standing to bring their Elections Clause claims. [ECF 17]. *See also Donald J. Trump for Pres., Inc. v. Boockvar,* 2:20-CV-966, 2020 WL 5997680, at *52, n. 12 (W.D. Pa. Oct. 10, 2020) ("The parties do not specifically brief the elements of an Elections-Clause claim. This is typically a claim brought by a state legislature, and the Court has doubts that this is a viable theory for Plaintiffs to assert. *See Lance v. Coffman,* 549 U.S. 437, 442, 127 S.Ct. 1194, 167 L.Ed.2d 29 (2007)").

Contemporaneously, with this brief, Plaintiffs filed their First Amended Complaint [ECF 28], pursuant to Federal Rule of Civil Procedure 15(a)(1) to remove their claims specific to the Elections Clause *only*.

As an initial matter, Plaintiffs' First Amended Complaint adds Plaintiffs, Brian Chew and Jay Hagerman as "Poll Watcher Plaintiffs." *See also* [ECF 18, p. 8]. The Amended Complaint also clarifies that the Candidate Plaintiffs, Mr. Parnell and Mr. Negron, are asserting claims related to both the mishandled ballots at Count I and poll watchers at Count II. This is consistent with the Court's previously issued Orders which already bifurcated the track of each claim. [ECF 11 and 17]. The only difference is that Plaintiffs' seek a remedy from this Court under an Equal Protection analysis for each claim. Plaintiffs will address each in turn below.

## II.   ARGUMENT

### A.   Plaintiffs' Standing.

Plaintiffs believe they adequately briefed their standing issue previously and incorporate the same as if set forth at length herein. [ECF 18]. However, to reiterate a few points, the Candidate Plaintiffs aver that a candidate for public office may assert the rights of those who wish to vote for them. *See e.g. Mancuso v. Taft*, 476 F.2d 187, 190 (1st Cir. 1973) and *Torres-Torres v. Puerto Rico*, 353 F.3d 79 (1st Cir. 2003). In those opinions, courts have recognized that, "a candidate for public office…is so closely related to and dependent upon those who wish to voter for him and his litigation will so vitally affect their rights that the courts…permit the candidate to raise constitutional rights of voters." *Mancuso*, 476 F.2d at 190. The Third Circuit has adopted the standard set forth in *Mancuso v. Taft*, noting that a candidate's ability to raise a voters' constitutional rights is one of several instances in which third-party standing is commonly

recognized. *See Pennsylvania Psychiatric Soc. v. Green Spring Health Servs., Inc.,* 280 F.3d 278, 288, nt.10, (3rd Cir. 2002) (citing *Mancuso v. Taft*, 476 F.2d 187, 190 (1st Cir. 1973)).

**B.      Plaintiffs' Ballot Claims.**

As raised during the status conference between the parties on October 20, 2020 [ECF 7], Plaintiffs noted that Judge Conti's decision in *Pierce v. Allegheny County Bd. of Elections*, 324 F. Supp. 2d 684, 707 (W.D. Pa. 2003) is instructive here. In *Pierce*, Plaintiffs sought to set aside 937 ballots that were improperly handled. Ultimately, the Court in *Pierce* granted a limited injunction and "enter[ed] an order requiring that these 937 absentee ballots be set aside by the Board of Elections in a secure place." *Id.*

Here, like in *Pierce*, Plaintiffs seek simply to set aside the 28,879 ballots in a secure place to ensure the integrity of the same. As stated in their Amended Complaint, Plaintiffs' only remedy to do so would be to pay at least $288,790 and as much as $577,580 as their only available remedy to challenge the ballots. [ECF 28, ¶¶ 16, 74 and 92-94]. That constitutes disparate treatment because there's no question that the Defendants mishandled the ballots. To require Plaintiffs to pay a fee to challenge the same is asking the Plaintiffs to pay for Defendants' mistakes.

Further, there's well-settled law in that has addressed fees and ballots before. *See e.g. Belitskus v. Pizzingrilli*, 343 F.3d 632, 643 (3d Cir. 2003) (where the Court held that requiring lesser parties to pay a fee to be included on the ballot was a violation of equal protection since major parties were not required to pay the same fee). In those cases, courts have held that type of disparate treatment rises to the level of a violation of equal protection. This case fits squarely within those other cases and fits squarely within the Court's remedy in *Pierce*.

**C.     Plaintiffs' Poll Watcher Claims.**

There's no question that the Poll Watcher Plaintiffs, Mr. Chew and Mr. Hagerman, were turned away when they applied for a poll watcher certificate without justification. Their affidavits state the same. [ECF 28, ¶ 69].

Additionally, the Candidate Plaintiffs' equal protection rights are violated with regard to their poll watcher claims because the Defendants' have not been issuing poll watcher certificates for the Satellite Offices – *for any poll watchers*. Defendants attempt to justify that the Candidate Plaintiffs' – or their representatives – could have visited the Satellite Offices misses the mark. Instead, that all but admits that the relief Plaintiffs are requesting here provides almost no infringement to them at all. If the Candidate Plaintiffs are allowed to go visit the sites themselves as members of the public, what justification was there – then, or now – to deny poll watchers certificates and poll watchers at the Satellite Offices. There is none; however, Plaintiffs' have been forced to seek intervention from the Court to allow the same.

## III.     CONCLUSION

The Candidate Plaintiffs and Poll Watcher Plaintiffs equal protection rights have been violated without justification. There's no legitimate government interest that would prevent them from being able to challenge the mishandled ballots, without paying an exorbitant fee in order to do so, and no legitimate government interest that would prevent poll watchers from being present at the Satellite Offices. Defendants' assertion that Plaintiffs are somehow trying to suppress voters' rights is patently absurd. Plaintiffs simply seek to ensure that the election is fair for all people and all parties.

- 5 -

                    Respectfully Submitted,

                    **DILLON, MCCANDLESS, KING,**
**COULTER & GRAHAM, LLP**

*Special Counsel for the Amistad Project of the Thomas More Society*

Dated: October 22, 2020                By: /s/ Thomas W. King, III
                                                            Thomas W. King, III
                                                             Thomas E. Breth
                                                              Jordan P. Shuber

                                               *Counsel for Plaintiffs*