IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEAN PARNELL, et al,

        Plaintiffs,           Civil Action No. 2:20-1570

    v.

ALLEGHENY COUNTY BOARD OF        Judge J. Nicholas Ranjan
ELECTIONS, et al,

        Defendants.

## COUNTY DEFENDANTS' SUPPLEMENTAL BRIEF CONCERNING COUNT 1 OF THE PLAINTIFFS' COMPLAINT – PLAINTIFFS' STANDING TO ENFORCE THE ELECTIONS CLAUSE OF THE U.S. CONSTITUTION

Pursuant to this Court's Order (ECF #17), the Defendants, the Allegheny County Board of Elections ("the Board"), Rich Fitzgerald, Samuel DeMarco III and Bethany Hallam, members of the Board (collectively the "County Defendants") submit the following supplemental brief concerning the named Plaintiffs' standing to enforce the "Election Clause" found at Article I, Section 4 of the United States Constitution.

## ARGUMENT

In its decision handed down less than two weeks ago in the case of *Trump for President, Inc. v. Boockvar*, 20-cv-00966, --- F.Supp.3d ---, 2020 WL 5997680 (Oct. 10, 2020, W.D.Pa.), this Court noted in its comprehensive opinion that the plaintiffs in *Trump* had raised a claim under the federal Constitution's Elections Clause.[1]  This Court observed,

---

[1] Article I, Section 4 of the United States Constitution states in pertinent part:

    The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of choosing Senators.

U.S. Const. Art. I, § 4, cl. 1.

> The parties do not specifically brief the elements of an Elections-Clause claim. This is typically a claim brought by a state legislature, and the Court has doubts that this is a viable theory for Plaintiffs to assert. Regardless, if state law does not require signature comparison, then there is no difference between the Secretary's guidance and the Election Code, and the Elections-Clause claim necessarily fails.

*Trump for President, Inc. v. Boockvar*, 20-cv-00966, --- F.Supp.3d ---, 2020 WL 5997680, *53, n. 12 (Oct. 10, 2020, W.D.Pa.) (*cleaned up*.).

This Court's doubts as to whether private citizens have standing to pursue a claim under the federal Constitution's Election Clause expressed in the *Trump* case should carry over to this case. The United States Supreme Court's decision in *Lance v. Coffman* limits who can pursue a claim under the Elections Clause and the named Plaintiffs are not appropriate parties authorized to pursue such a claim.

In *Lance*, four private citizens brought an action in federal district court challenging the Colorado Supreme Court's decision in a separate case, in which none of them had participated, which invalidated a redistricting plan passed by the state legislature and ordered the use of a redistricting plan created by state courts. The citizen plaintiffs argued that the Colorado Supreme Court's interpretation of the Colorado Constitution violated their rights under the federal Constitution's Elections Clause.

On appeal, the United States Supreme Court held that plaintiffs, who asserted no particularized stake in the litigation, lacked standing to bring their Elections Clause claim. In dismissing the citizens' Election Clause claim, the Court observed, "The only injury plaintiffs allege is that the law—specifically the Elections Clause—has not been followed. This injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have

refused to countenance in the past." *Lance v. Coffman*, 549 U.S. 437, 441, 549 U.S. 437, 127 S.Ct. 1194 (2007).

The Court in *Lance* went further than simply invoking principles of Article III standing to dismiss the citizen claims. The Court took notice of its prior decisions and provided guidance concerning who was the proper party to assert an Elections Clause claim. The Court in *Lance* stated,

> Our two decisions construing the term "Legislature" in the Elections Clause do not contradict this holding. Each of these cases was filed by a relator on behalf of the State rather than private citizens acting on their own behalf, as is the case here. In neither case did we address whether a private citizen had alleged a "concrete and particularized" injury sufficient to satisfy the requirements of Article III.

*Lance*, 549 U.S. at 441 (*cleaned up*).

The primary definition of the term "relator" used in *Lance* is "[t]he real party in interest in whose name a state or an attorney general brings a lawsuit." Relator, BLACK'S LAW DICTIONARY (8th ed. 2004). The conclusion to be drawn from *Lance* is that the proper party to pursue a claim under the Elections Clause is either the state legislature itself or some person possessing the status of a relator, either a state attorney general or a person specifically authorized by law to do so.

This proposition is confirmed by close review of the two cases cited in *Lance*. In *Hildebrant*, the Ohio attorney general on behalf Ohio voters, was the party who challenged the use of the State's referendum system to override redistricting legislation passed and duly enacted by the state legislature. The voters argued that the referendum was not part of the "Legislature" and hence could not, per the Elections Clause, have a role in the redistricting process. *State of Ohio ex rel. Davis v. Hildebrant*, 241 U.S. 565, 566-67, 36 S.Ct. 708, 60 L.Ed. 1172 (1916). The Court rejected the argument, holding that Ohio's referendum process "was contained within the

legislative power." *Id.* 241 U.S. at 568.  Thus, the party pursuing the Elections Clause claim in *Hildebrant* was a relator – the Ohio attorney general, a party who can directly speak and litigate concerning the exercise of the legislative power of a state.

The Supreme Court's decision in *Smiley* more directly addressed the question of who could pursue claims under the Elections Clause and the meaning of the term "Legislature" used in that clause.  In *Smiley*, a Minnesota voter alleged that the State's 1931 redistricting plan was inoperative because it had been vetoed by the Governor, and not repassed as required by state law. *Smily v. Holm*, 285 U.S. 355, 361-62, 52 S.Ct. 397, 76 L.Ed 795 (1932).  The Court in *Smiley* thus had to decide whether the Elections Clause gave state legislatures, as institutions, a unique role in prescribing election regulations, or whether the power was instead vested in the states' ordinary lawmaking function.  But more germane to the issue here concerning Count I of the Plaintiffs' Complaint, the *Smiley* court declared that the language of Article I, Section 4 meant what it stated:

> Much that is urged in argument with regard to the meaning of the term 'Legislature' is beside the point. As this Court said in Hawke v. Smith, No. 1, 253 U. S. 221, 227, 40 S. Ct. 495, 497, 64 L. Ed. 871, 10 A. L. R. 1504, the term was not one 'of uncertain meaning when incorporated into the Constitution. What it meant when adopted it still means for the purpose of interpretation. *A Legislature was then the representative body which made the laws of the people*.' The question here is not with respect to the 'body' as thus described but as to the function to be performed.

*Smily*, 285 U.S. at 365.  Based on *Smiley*, the Legislature is the primary entity who can act to enforce the Elections Clause.

In this case, the named Plaintiffs are not the Pennsylvania General Assembly.  Additionally, the named Plaintiffs are not relators.  They are not the Attorney General of the Commonwealth of Pennsylvania or authorized representatives of the Attorney General.  Further, they have

asserted no statutory or common law basis authorizing either named Plaintiff to act in the capacity of relators to pursue a claim under the Elections Clause.

At bottom, the named Plaintiffs' Election Clause claim asserted in Count I of their Complaint is a repeat of the claim found legally deficient by the Supreme Court in *Lance*. Like *Lance*, Count I is an assertion of "undifferentiated, generalized grievance about the conduct of government." Like *Lance*, the named Plaintiffs are neither authorized by the plain text of the [Article I, Section 4](#) nor do they possess the status of relators needed to pursue a claim under this Clause. For these reasons, the named Plaintiffs lack standing to pursue a claim under the Elections Clause.

WHEREFORE, Plaintiffs lack standing to assert Count I of their Complaint.

Respectfully submitted,

*/s/ Andrew F. Szefi*
Andrew F. Szefi
County Solicitor
Pa I.D. #83747

*/s/ George Janocsko*
George Janocsko
Pa I.D. #26408

*/s/ Virginia Spencer Scott*
Virginia Spencer Scott
Pa. I.D. #61647

*/s/ Frances M. Liebenguth*
Frances M. Liebenguth
Pa. I.D. #314845

ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1173
vscott@alleghenycounty.us

aszefi@alleghenycounty.us
gjanocsko@alleghenycounty.us
fliebenguth@alleghenycounty.us