**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SEAN PARNELL, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>ALLEGHENY COUNTY BOARD OF ELECTIONS, et al.,<br><br>   Defendants. | CIVIL ACTION<br><br>Case No.:  2:20-cv-1570 |

**CONSENT ORDER**

**I. Procedural History.**

Whereas, the Allegheny County Board of Elections ("BOE"), retained a third party vendor, which specialized in printing, collating and mailing ballots, to assist in the processing of hundreds of thousands of ballots necessary to the conduct of the 2020 General Election; and,

Whereas, that third party vendor sent incorrect ballots to 28,879 voters (Affected Voters); and,

Whereas, the BOE notified the Affected Voters that it would be sending corrected ballots along with the necessary envelopes ("Corrected Ballots") to the Affected Voters to replace the incorrect initial ballots ("Initial Ballots"); and,

Whereas, the BOE has developed and implemented a plan to provide Affected Voters with Corrected Ballots ("BOE Plan"), which plan was announced to the public shortly after the discovery of the vendor error; and,

Whereas, under the BOE Plan, Affected Voters were mailed Corrected Ballots which included orange markings to differentiate them from the Initial Ballots, and were asked to complete and return the Corrected Ballots; and,

Whereas, under the BOE Plan, the barcodes on both the Initial Ballot and Corrected Ballot were identical to eliminate the possibility of both ballots being counted; and,

Whereas, under the BOE Plan the BOE is segregating the Initial Ballots and Corrected Ballots of the Affected Voters and will continue to do so until the return deadline, currently November 6, 2020, at 5:00 p.m. pursuant to the decision of the PA Supreme Court, *Pennsylvania Democratic Party v. Boockvar*, 133 MM 2020, 2020 WL 5554644 (Pa. Sept. 17, 2020) ("Ballot Acceptance Deadline"); and,

Whereas, on October 16, 2020, Parnell and Negron filed a lawsuit in federal court related to the BOE treatment of the Initial and Corrected Ballots, *Parnell v. Allegheny County Board of Elections*, 2:20-cv-1570, (W.D. Pa. Oct. 16, 2020) ( "Federal Court Litigation"); and,

Whereas, on October 22, 2020, the court granted intervenor status to the following parties: (a) Conor Lamb; and (b) the Pennsylvania Democratic Party, Austin Davis, Dan Frankel and Ed Gainey and (c) the Democratic Congressional Campaign Committee (DCCC), hereafter collectively the "Intervenors;" and,

Whereas, the BOE and the Intervenors sought to dismiss the Federal Court Litigation; and, Whereas, on October 23, 2020, the court urged the parties to try and reach a resolution of the matters then remaining in the Federal Court Litigation;  and,

Whereas, the parties have, on the 25th day of October 2020, reached the Agreement set forth below, which is hereby presented to the Court as a consent order.

**II.  Consented to Terms.**

The Parties have agreed as follows:

    1.    The terms set forth in the Whereas provisions are hereby incorporated herein.

2. The BOE shall maintain its current practice of sorting, segregating and preserving the Initial and Corrected Ballots of the Affected Voters.

3. The current practice of maintaining the Initial and Corrected Ballots within separately designated portions of the locked ballot room shall also be maintained.

4. The BOE agrees that it will not pre-canvass any of the Initial Ballots or Corrected Ballots until after the Ballot Acceptance Deadline to ensure that only one ballot is counted per voter.

5. The BOE shall segregate the ballots returned by Affected Voters into the following three (3) categories:

   a. Category One – Voters who returned only a Corrected Ballot.

   b. Category Two – Voters who returned only an Initial Ballot.

   c. Category Three – Voters who returned both an Initial Ballot and a Corrected Ballot.

6. With respect to Category One, the Corrected Ballots shall be counted in accordance with Pennsylvania law.

7. With respect to Category Two, the County Board of Elections shall count only those portions of an Initial Ballot for those public offices that the individual voting that Initial Ballot would have been eligible to vote for in the individual's proper election district and at the election district if the individual had cast a vote in person.

8. With respect to Category Three, the Corrected Ballots shall supersede the Initial Ballot and will be counted in accordance with Pennsylvania law. The Initial Ballots will not be counted and will remained unopened, segregated and securely stored.

9. The Initial and Corrected Ballots shall be included in the pre-canvass and all persons authorized may observe the pre-canvassing of these ballots in the same manner and to the same extent as any other ballot pre-canvassed pursuant to the Pennsylvania Election Code.

10. The Court relinquishes jurisdiction, except for any Federal claims brought by the parties as a result of any alleged violation of this Consent Order; all other claims shall be undertaken pursuant to the Election Code.

11. Each party shall be responsible for its own counsel fees and costs.

12. Plaintiffs agree to the Voluntary Dismissal of this case pursuant to Federal Rule of Civil Procedure 41(a)(2).

This 26th day of October 2020, based upon the representations of the parties, the Court adopts and enters the foregoing terms and conditions as an Order of this Court. This case is hereby voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(2).

BY THE COURT:

s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge